**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

DANIEL C. FLINT,
for himself and all others similarly situated,

                                            Case No.
                                            Hon. Judge

           Plaintiff,

v.

INFUSION BRANDS, INC,
a Foreign Profit Corporation,
MENARDS, LLC.,
a Domestic Limited liability Company,
LOWE'S HOME CENTERS, INC.,
a Foreign Profit Corporation,
AMAZON.COM, INC.,
a Foreign Profit Corporation,

           Defendants.
_____/

**Law Offices of Douglas D. Hampton, P.C.**
Douglas D. Hampton (P46378)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 351-2682
_____/

**CLASS ACTION COMPLAINT**

      **NOW COMES** Plaintiff, DANIEL C. FLINT, individually and on behalf of all others similarly situated, by and through his Attorneys, the Law Offices of Douglas D. Hampton, P.C., and for his complaint he states as follows:

***INTRODUCTION***

      This Complaint is brought on behalf of Plaintiff and all others similarly situated in order to recover actual damages, statutory damages, costs, punitive damages and attorneys' fees from Defendants. It arises from the unfair, deceptive and unconscionable business acts of Defendants as

related to a product sold to consumers called "DualTools PS7000," which is a dual polisher/sander.

## *JURISDICTION AND VENUE*

1. This Court has original jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) because this is a class action in which: (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the proposed plaintiff class are citizens of States different from Defendants; and (3) the proposed plaintiff class is made up of more than 100 individual members.

2. This Court has personal jurisdiction over all Defendants because a substantial portion of the wrongdoings alleged herein occurred in Michigan. Each Defendant also has sufficient minimum contacts with Michigan, and has otherwise intentionally availed itself to the markets in Michigan through the promotion, marketing, and sale of products and services sufficient to render the exercise of jurisdiction by this Court under traditional notions of fair play and substantial justice.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because each Defendant regularly conducts business in this District, because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because each Defendant is subject to this Court's personal jurisdiction with respect to this action.

## *PARTIES*

5. At all times relevant, individual and proposed representative Plaintiff, DANIEL CHAPPELL FLINT ("Plaintiff") had his principal place of residence in the Township of Shelby, State of Michigan.

6. At all times relevant, Defendant INFUSION BRANDS, INC., ("Infusion"), regularly and systematically conducted business in the Township of Shelby, State of Michigan. Infusion has appointed Bush Ross Registered Agent Services, LLC as its' registered agent. Infusion's registered office and registered mailing address is 1801 N. Highland Ave., Tampa, FL 33602. Infusion's principal place of business is located at 14375 Myerlake Cir., Clearwater, FL 33760.

7. "DUALTOOLS" is a registered trademark of Infusion Brands, Inc.

8. At all times relevant, Defendant LOWE'S HOME CENTERS, INC., ("Lowe's"), regularly and systematically conducted business in the Township of Shelby, State of Michigan. Lowe's Home Centers Inc., has appointed CSC-Lawyers Incorporating Service as its registered agent for the State of Michigan. Lowe's registered office and registered mailing address is 601 Abbot Road, East Lansing, MI 48823.

9. At all times relevant, Defendant MENARDS, LLC., ("Menards"), regularly and systematically conducted business in the Township of Shelby, State of Michigan. Menards, has appointed Timothy J. Roesner as its registered agent for the State of Michigan. Menards' registered office and registered mailing address is 10154 Van Vleet, Gaines, MI 48436.

10. At all times relevant, Defendant AMAZON.COM, INC., ("Amazon"), regularly and systematically conducted business in the Township of Shelby, State of Michigan. Amazon has appointed Corporation Service Company as its national registered agent. Amazon's registered office and registered mailing address is 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

## *BACKGROUND AND FACTUAL ALLEGATIONS*

11. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

12. In or about 2014, Plaintiff purchased the "DualTools PS7000" (the "polisher/sander" or "PS7000"), which is the subject of this litigation, from the Lowe's Home Center located in Shelby Township, Michigan.

13. The polisher/sander is unique in that it has 2 individual and separate pads; which rotate in opposite directions, designed to eliminate kickback, scars, and swirl marks.

14. Because of the unique nature of the polisher/sander, it requires a one-of-a-kind polishing/sanding pad designed to accommodate the dual counter-rotating pads.

15. Said pads are only manufactured by Infusion Brands, Inc., and made specifically for use with the polisher/sander. Consequently, when the polishing/sanding pad wears down and is no longer usable, a consumer's only option is to purchase the one-of-a-kind polishing/sanding pads made specifically for said product. Without these very unique and specific pads, the polisher/sander cannot be used.

16. In the instant case, Plaintiff purchased his polisher/sander in 2014, very close in time to with the date the polisher/sander was first offered for sale to the public. At this time, Plaintiff also purchased 3 polishing pads, made specifically to be used with the polisher/sander.

17. By early 2015, Plaintiff needed to replace said pads and contacted Infusion in an attempt to purchase the same. At that time, Infusion informed Plaintiff that it no longer had any polishing or sanding replacement pads for the PS7000. When asked when new pads would be available, Infusion could not give Plaintiff a definite answer and instead told him to call back in a few months.

18. To date, and based upon information and belief, Infusion still has not manufactured any replacement pads to be made available for consumer's to purchase.

19. The polisher/sander cannot be used as advertised without these very unique and specific pads. Consequently, and because Infusion failed to produce the necessary replacement pads, the polisher/sander is utterly useless.

20. Based upon information and belief, the PS7000 was manufactured by Infusion and sold to consumers at Menards, Lowe's, Amazon.com, and dualtools.com.

## *CLASS ALLEGATIONS*

21. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

22. Plaintiff brings all claims herein as class claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff hereby reserves the right to amend the class action allegations after further discovery on the matter has occurred. The requirements of FRCP 23 are met with respect to the class defined below.

**A. Class Definition(s)**

23. Plaintiff is a member of the proposed class and members of the proposed class are definite and ascertainable. The definiteness element does *not* require identification of every potential class member. Identification of the proposed class members is not dependent upon any subjective criteria, such as a class members' state of mind. The proposed class is ascertainable because the proposed class members are readily identifiable based upon objective criteria – specifically, whether they have purchased a "DualTools PS7000" and, if so, from which Defendant it was purchased from. Moreover, Defendants' records can easily identify which

individuals purchased the PS7000 – i.e., the method used to ascertain potential class members does not require much, if any, individual factual inquiry. Therefore, the method used is administratively feasible.

24. Plaintiff proposes that the Class be defined as:

> All persons or entities throughout the United States and its territories that, during the class period, purchased a "DualTools PS7000" polisher/sander.

25. Plaintiff proposes that the "class period" be defined as ending on March 11, 2016 and beginning on the first allowable date after accounting for any applicable state statute of limitations.

26. Excluded from the Class are:

   a. persons other than "consumers" in states whose statutes are limited to consumers who purchase for personal, family or household purposes. Specifically, **District of Columbia** (D.C. Code §28-3901); **Kansas** (KSA §50-624); **Maryland** (Md. Com. Law Code Ann. §13-101); **Michigan** (MCL §445-902(g)); **Missouri** (V.A.M.S §407.025(1)); **Oregon** (O.R.S. T. §646.605(6)); **Pennsylvania** (73 P.S. §201.9.2); **Rhode Island** (Gen.Laws 1956 §6-13.1-5.2(a)); **Virginia** (VA Code Ann. §59.1-198); and **Wyoming** (Wyo. Stat. Ann §40-12-102(a)(ii));

   b. persons whose claims would be barred under applicable state statute of limitations or repose provisions that, unless otherwise tolled, limit the time period with which the claim can be brought.

   c. persons who, prior to the filing of this complaint or prior to final judgment herein have filed separate legal actions against Defendants, asserting similar claims;

   d. all Defendants and their subsidiaries, affiliates, officers and directors;

 e. any entity in which Defendant or any other excluded entity has a controlling interest;

 f. any judge or judicial official assigned to this matter and his or her immediate family;

 g. the Court in which this case is assigned, its staff, and Plaintiff's counsel and co-counsel; and

 h. the legal representatives, successors or assigns of any such excluded persons or entities.

### B. Numerosity – FRCP 23(a)(1)

27. Based upon Defendants' publicly available sales data, it is estimated that the Class numbers are potentially in the millions and that joinder of all members is impracticable. The number and identities of proposed class members are administratively feasible and can be determined through appropriate discovery and identification from Defendants' records. Moreover, joinder of all members is further impracticable because the proposed class members reside throughout the United States.

### C. Commonality – FRCP 23(a)(2)

28. This action involves questions of law or fact common to the class. These common questions predominate over questions that affect only individual proposed class members.

29. The questions of law or fact common to the proposed class including at least the following:

 a. Whether Defendants' engaged in unfair, unlawful or deceptive business practices by selling consumer's a product that they knew, or should have known, would not be usable because Infusion did not manufacture enough replacement pads to meet the reasonably expectable public demand.

 b. Whether Defendants' breached its' duty of good faith by failing to determine whether there was a large enough supply of the replacement pads to meet the reasonably expectable public demand, and/or whether failing to do so constitutes an unfair, unlawful or deceptive business practice.

 c. Whether Defendants' actions, as described herein, are otherwise unfair or deceptive.

 d. Whether Defendants' were unjustly enriched;

    e.   Whether Defendants' unfair and deceptive practices harmed Plaintiff and the proposed class.

### D. Typicality – FRCP 23(a)(3)

30. Plaintiff's claims are typical of the claims of the proposed class.

31. Plaintiff's claim is typical because it arises from the same unlawful, unfair and deceptive business conduct that gave rise to the claims of the other proposed class members and because all such claims are based on the same legal theory.

32. Plaintiff's claims are typical of the claims of the proposed class because, during the class period, Plaintiff and each proposed member bought the exact same product, specifically the "DualTools PS7000." Defendants' unlawful, unfair, and fraudulent actions concern the same business practices described herein, irrespective of where they occurred or were experienced. The injuries of each member of the proposed class were caused directly by Defendants' wrongful conduct. In addition, the factual basis for the alleged misconduct is common to all proposed class members and represents a common thread of misconduct resulting in injury to all proposed members.

### E. Adequacy – FRCP 23(a)(4)

33. The representative parties in this case will fairly and adequately protect the interests of the class.

34. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution of consumer protection actions. Moreover, neither Plaintiff nor his counsel have any interests adverse to any individual proposed class members, nor to any interest of the class as a whole. Plaintiff and his counsel have the necessary resources to adequately and vigorously litigate this class action. Plaintiff and his counsel are aware of their fiduciary

responsibilities to the proposed class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the proposed class.

**F. Predominance – FRCP 23(b)(3).**

35. The questions of law or fact common to the proposed class members predominate over any questions affecting only individual members.

36. Common issues predominate because any individual factual determinations that will need to be made can be accomplished using Defendants' computer records. Moreover, common issues predominate because adding more plaintiffs to the class will not increase the amount of evidence that will be required to be introduced.

37. In addition, the fact that each individual class member may be entitled to a specific, and different, amount of damages does not cause individual questions to predominate over common questions. "Courts in every circuit have uniformly held that the 23(b)(3) predominance requirement is satisfied despite the need to make individualized damage determinations and a recent dissenting decision of four Supreme Court Justices characterized the point as 'well nigh universal.' Indeed, a class may also be certified solely on the basis of common liability, with individualized damages determinations left to subsequent proceedings." (William B. Rubenstein, *Newberg on Class Actions,* § 4:54 (5th ed.)(Updated June 2015) (citations omitted)).

38. Similarly, the fact that this matter includes individuals from multiple states and involves multiple state laws does not cause individual questions to predominate over common questions. The reason: the substantive consumer protection statutes at issue can easily be organized into groups (as explained in detail below) of states with similar legal regimes –

therefore "allowing the Court to create sub-classes for each distinct state legal approach and with common issues predominating within that sub-class." *Id.* at §4:61.

**G. Superiority – FRCP 23(b)(3).**

39. A class action in this case is superior to other available methods for fairly and efficiently adjudicating the controversy.

40. When considered on an individual basis, the damages resulting from Defendants' unfair and deceptive business practices are extremely low. Consequently, it is highly unlikely any individual claimant (and even less likely that an attorney) would spend the time, money and effort necessary to challenge the alleged conduct. Therefore, there is no question that a class action is the superior method of adjudication.

41. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

**F. The Prerequisites of Rule 23(b)(3) are Satisfied**

42. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the proposed class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive

and equitable relief at issue for each individual proposed class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class.

## CAUSES OF ACTION

### COUNT I

**Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**

43. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

44. Defendants' tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery, and which is a material breach of contract.

45. Whether by law or statute, all contracts impose upon each party a duty of good faith and fair dealing.

46. Plaintiff and the proposed class members entered into a contract with Defendants in which they agreed to pay Defendants money in consideration for the PS7000 polisher/sander.

47. Each Defendant breached its duty of good faith and fair dealing by failing to determine whether the product it sold could be used by consumers as advertised.

48. Defendants violated their duty of good faith and fair dealing by failing to determine if there was a large enough supply of PS7000 replacement pads to meet the reasonably expectable public demand.

49. Each Defendant violated its' duty of good faith and fair dealing by failing to disclose to Plaintiff and the proposed class that the PS7000 could not be used with any other replacement pad.

50. Plaintiff and the proposed class members have performed all, or substantially all, of the obligations imposed on them under their agreement with the respective Defendant.

51. Plaintiff and the proposed class have sustained damages as an actual and legal result of Defendants' breach of the covenant of good faith and fair dealing. Consequently, they are entitled to damages in an amount to be later determined.

### COUNT II
### Unjust Enrichment

52. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

53. Plaintiff and the members of the proposed class conferred a benefit on each Defendant by tendering money to them in consideration for purchasing the PS7000 polisher/sander.

54. Plaintiff and the proposed class did not receive the benefit of the barging because they no longer can use the polisher/sander due to the fact that it is impossible to obtain replacement pads. Despite this fact, Defendants' knowingly and willfully retained the benefits and funds from Plaintiff and the proposed class, in conscious disregard for their rights.

55. As a direct and legal result, Defendants have been unjustly enriched at the expense and detriment of Plaintiff and the proposed class.

56. Defendants must pay restitution to Plaintiff and the members of the proposed class for its unjust enrichment, in an amount to be later determined.

### COUNT III
### Unfair and Deceptive Acts and Practices
### (Violation of State "Little FTC" Consumer Protections Acts)

57. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

58. All fifty states and the District of Columbia have enacted statutes to protect consumers against unfair, deceptive or fraudulent business practices. These state statues are often referred to as "Little FTC" consumer protection acts due to the obvious similarities they share with Section 5(a) of Federal Trade Commission Act, which prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a).

59. FRCP 23(c)(5) states: "When appropriate, a class may be divided into subclasses that are each treated as a class under this rule." Plaintiff proposes that the proposed class be grouped as claims asserted under the substantively similar "Little FTC" state statutes. Specifically, Plaintiff proposes that the class be grouped into the following 5 sub-classes:

   a. State statutes that prohibit unfair or deceptive trade practices generally. Specifically, **Alaska** (AS §45.50.471 et. seq.); **Arizona** (Ariz. Rev. Stat. §44-1521 et. seq.); **Arkansas** (A.C.A. § 4-88-101 et. seq.); **California** (Cal Bus and Prof Code 17200 et. seq.); **Connecticut** (C.G.S.A. §42-110b et. seq.); **Delaware** (6 Del.C. § 2511 et. seq.); **Florida** (West's F.S.A §501.201 et. seq.); **Illinois** (815 ILCS 505/1, et seq.); **Iowa** (Iowa Code §714.H5 et. seq.); **Kansas** (K.S.A. §50-623 et. seq.); **Kentucky** (KRS 367.110 et. seq.); **Louisiana** (LSA-R.S. §51:1405(A)); **Maine** (5 M.R.S.A §207 et. seq.); **Maryland** (Md. Com. Law Code Ann. §13-301(1) et. seq.); **Massachusetts** (M.G.L.A 93A §1 et seq.); **Mississippi** (MS Code §75-24-5(1)); **Missouri** (V.A.M.S §407.010 et. seq.); **Montana** (MCA §30-14-103); **New Hampshire** (N.H. Rev. Stat. §358-a et. seq.); **New Jersey** (N.J.S.A §56:8-1, et seq.); **New Mexico** (NMSA §57-12-1 et seq.); **New York** (N.Y.McKinney's General Business Law §349); **North Carolina** (N.C.G.S.A. §75-1.1 et. seq.); **Oregon** (O.R.S. T. 50, Ch. 646 et. seq.); **Rhode Island** (6 R.I.

Gen. Laws Ann. § 6-13.1-2 et. seq.); **South Carolina** (SC Code of Laws §39-5-20(a)); **Tennessee** (T.C.A. §47-18-104(a)); **Texas** (V.T.C.A., Bus. & C. §17.41 et. seq.); **Vermont** (9 V.S.A. §2453 et. seq.); **Virginia** (Va. Code Ann. §59.1-200(A)(14)); **Utah** (U.C.A. 1953 §13-11-4(1)); **Washington** (West's RCWA T. 19, Ch. 19.86 et. seq.); **West Virginia** (W. Va. Code Ann. §46A-6-104 et. seq.); and **Wisconsin**, (W.S.A. §421.102 et. seq.);

b. State statutes that prohibit unfair or deceptive trade practices, upon proof that the Defendant acted "knowingly." Specifically, **Idaho** (I.C. §48-603 et. seq.); **Nevada** (NRS 598.0915(10)); **South Dakota** (S.D. Codified Laws §37-24-6 et. seq.) and **Wyoming** (Wyo. Stat. Ann. §40-12-105 et. seq.);

c. State statues that prohibit unfair or deceptive trade practices, which are defined, in part, as advertising goods or services with intent not to supply reasonably expectable public demand, and without a disclosure that the quantity of goods or services is limited. Specifically, **Alabama** (Ala. Code §8-19-5(10)); **Colorado** (Colo. R.S. §6-1-105(1)(j)); **District of Columbia** (D.C. Code §28-3904(i)); **Georgia** (Ga. Code Ann. §10-1-372(a)(10)); **Hawaii** (HRS §481A-3(a)(10)); **Michigan** (MCL 445.903(h)); **Minnesota** (MSA §325D.44(10)); **Mississippi** (MS Code §75-24-5(2)(j)); **Nebraska** (Neb. Rev. Stat. Ann §87-302(10)); **Nevada** (NRS 598.0915(10)); **Ohio** (ORC §4165.02(13)); **Oklahoma** (Okla. Stat. Ann. tit. 15, § 753(9)); **Pennsylvania** (Pa. Stat. Ann. tit. 73, §201-2(x)); and **Tennessee** (T.C.A. §47-18-104(b)(10));

d. State statues that prohibit unfair or deceptive trade practices, which are defined, in part, as conduct that creates a likelihood of confusion or misunderstanding.

  Specifically, **Hawaii** (HRS § 481A-3(a)(12)); **Michigan** (MCL 445.903(n)); **Minnesota** (MSA §325D.44(13)); and **Pennsylvania** (Pa. Stat. Ann. tit. 73, §201-2(xxi)); and

 e. State statues that prohibit unfair or deceptive trade practices, which are defined, in part, as any conduct that is generally considered "unconscionable." Specifically, **District of Columbia** (D.C. Code §28-3904(r)); **Nebraska** (Neb. Rev. Stat. Ann. § 87-303.01(1)); and **Oklahoma** (Okla. Stat. Ann. tit. 15, §753(20) and §752(14)).

60. Defendants' policies and practices as described herein are misleading, deceptive, unfair, false and fraudulent and are in violation of the above-cited statutes. Including, but not limited to, the following practices, which have been intentionally, knowingly and unlawfully perpetrated upon Plaintiff and the proposed class members:

 a. Advertising products for sale from companies without determining whether there is a large enough supply of the replacement pads necessary to meet the reasonably expectable public demand;

 b. Defendants' business practices, as described herein, which are otherwise unlawful, unfair or deceptive and in violation of the state statutes described in the above sub-classes.

61. Defendants' actions as described herein occurred during the course of trade and commerce.

62. Defendants have injured the public interest, and Defendants' actions pose a continued threat to the public.

63. Defendants' acted knowingly, with intent to defraud, deceive and with intent that Plaintiff and the proposed class members rely on Defendants' deceptive concealments and misrepresentations, which they reasonably did.

64. As a direct and legal result of Defendants' misleading, deceptive, unfair, false and fraudulent practices, Plaintiff and the proposed class members have sustained damages in amount to be determined later.

## COUNT IV
## Fraudulent Inducement
### (As Applied to Plaintiff Individually or Alternatively to the Proposed Class)

65. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

66. Defendants fraudulently concealed the fact that they knew, or should have known, that there was not a large enough supply of the replacement pads necessary to meet the reasonably expectable public demand.

67. Defendants fraudulently concealed the fact that the PS7000 could only be used with the specially manufactured and unique replacement pads.

68. Defendants engaged in this conduct with the intent to deceive Plaintiff and/or the proposed class and to induce them to enter into the contract.

69. Plaintiff and/or the proposed class members reasonably relied on Defendants' conduct and were actually deceived by Defendants' fraudulent actions.

70. Defendants made a promise that they had no intention of performing, and this false misrepresentation pertained to a material fact of the contract.

71. As a direct and legal result of Defendants' misleading, deceptive, unfair, false and fraudulent practices, Plaintiff and/or the proposed class members have sustained damages in an amount to be determined later.

## REQUEST FOR RELIEF

**THEREFORE**, Plaintiff and the proposed class respectfully request of this Honorable Court the following relief:

1. An order certifying the Class, including any subclasses as specified herein, appointing

    Plaintiff as class representatives and appointing the Law Offices of Douglas D. Hampton, P.C. as lead class counsel;

2. Declaratory Relief finding Defendants' acts and practices to be wrongful, deceptive unfair and unconscionable;

3. Restitution of all fees wrongfully retained by Defendants as a resulted of its unfair and deceptive business acts as described herein and in an amount to determined at trial;

4. Actual damages in an amount in excess of $5,000,000.00, exclusive of costs and interest, an to be determined at trial;

5. Statutory, punitive and exemplary damages in an amount to be determined at trial;

6. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

7. The costs and disbursements incurred by Plaintiff and the proposed class in connection with this action, including reasonable attorneys' fees; and

8. Any further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff and the proposed class demand a trial by jury.


Respectfully Submitted,


 *s/ Douglas D. Hampton*
**Law Offices of Douglas D. Hampton, P.C.**
Douglas D. Hampton (P46378)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 351-2682

Dated:   3/25/2016