## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

DANIEL C. FLINT, for himself and all others similarly situated,

        Plaintiff,

v.

INFUSION BRANDS, INC., a foreign profit corporation, MENARDS, LLC, a domestic limited liability company, LOWE'S HOME CENTERS, INC., a foreign profit corporation, AMAZON.COM, INC., a foreign profit corporation,

        Defendants.

Case No.:  5:16-cv-11093-JEL-APP
Hon. Judith E. Levy
Mag. Judge Anthony P. Patti

## DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Lowe's Home Centers, LLC, by and through the undersigned counsel, moves the Court to dismiss Plaintiff Daniel C. Flint's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the accompanying brief in support.  This Motion is made following the conference of counsel pursuant to Local Rule 7-1, which took place on June 15, 2016.  Lowe's explained the nature of this Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

1

Respectfully submitted,

Dated: June 15, 2016          HOWARD & HOWARD ATTORNEYS PLLC

By: */s/ Patrick M. McCarthy*
    Patrick M. McCarthy, Esq. (P49100)
    PMcCarthy@HowardandHoward.com
    HOWARD & HOWARD ATTORNEYS
    PLLC
    2950 South State Street, Suite 360
    Ann Arbor, Michigan 48104
    Telephone: (734) 222-1483
    Facsimile: (734) 761-5957

    Attorneys for Defendant
    LOWE'S HOME CENTERS, LLC
    (formerly LOWE'S HOME CENTERS, INC.)

## ISSUES PRESENTED

(1) Whether Plaintiff fails to state a claim for breach of contract because (a) he fails to allege that he provided Lowe's with the requisite pre-suit notice under the Michigan Uniform Commercial Code (M.C.L. § 440.2607(3)(a)), and (b) Plaintiff further fails to plead the breach of any material contract term.

(2) Whether Plaintiff fails to state a claim for fraudulent inducement because (a) Plaintiff has not pleaded such claim with the requisite particularity under Federal Rule of Civil Procedure 9(b), and (b) Plaintiff has not alleged any facts that Lowe's allegedly failed to disclose.

(3) Whether Plaintiff fails to state a claim for unfair and deceptive trade practices because he has not and cannot allege any Lowe's practice that is one of the enumerated practices prohibited under the Michigan Consumer Protection Act.

(4) Whether Plaintiff fails to state a claim for unjust enrichment because he does not plead facts showing that Lowe's retention of the Product's purchase price is inequitable, as Lowe's has no obligation to provide replacement pads.

## MOST CONTROLLING AUTHORITIES

Mich. Comp. Laws § 445.903

Fed R. Civ. P. 12(b)(6)

Fed R. Civ. P. 9(b)

*Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905 (N.D. Ill. 2013)

*Bev Smith, Inc. v. Atwell*, 301 Mich. App. 670 (2013)

*Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934 (6th Cir. 1989)

*Custom Data Sols., Inc. v. Preferred Capital, Inc.*, 274 Mich. App. 239 (2006)

*Elite Int'l Enter., Inc. v. Patton Wallcoverings, Inc.*, 2014 WL 1652197
     (E.D. Mich. Apr. 24, 2014)

*Gibbs v. Bank of Am., N.A.*, No. 15-CV-10688, 2015 WL 4645009
     (E.D. Mich. Aug. 5, 2015)

*Gorman v. Am. Honda Motor Co., Inc.*, 302 Mich. App. 113 (2013)

*Montgomery v. Kraft Foods Glob., Inc.*, 2012 WL 6084167
     (W.D. Mich. Dec. 6, 2012)

*Olson v. Merrill Lynch Credit Corp.*, 2013 WL 3328513
     (E.D. Mich. July 2, 2013)

*Pack v. Damon Corp.*, 434 F.3d 810 (6th Cir. 2006)

*Smith v. Fannie Mae*, 2012 WL 3758087
     (E.D. Mich. Aug. 30, 2012)

*Woodland Harvesting, Inc. v. Georgia Pac. Corp.*, 693 F. Supp. 2d 732
     (E.D. Mich. 2010)

## BRIEF IN SUPPORT OF DEFENDANT LOWE'S
## HOME CENTERS, LLC'S MOTION TO DISMISS
## PLAINTIFF'S CLASS ACTION COMPLAINT

## I.   INTRODUCTION

Plaintiff Daniel C. Flint ("Plaintiff") alleges that he purchased a polisher/sander product (the "Product") that worked exactly as advertised and as he contemplated.  He used it for a year but then allegedly could not obtain a necessary replacement part — a polishing/sanding pad — from the manufacturer "at that time." Putting aside whether he could have obtained the part elsewhere (he could have), he now purports to bring a nationwide class action against not only the manufacturer of the Product, but also all retailers of the Product, including Defendant Lowe's Home Centers, LLC, formerly known as Lowe's Home Centers, Inc. ("Lowe's").  Plaintiff further seeks to represent everyone who ever purchased the Product, no matter if they even needed a replacement pad, much less were unable to obtain one.

Plaintiff alleges that he was somehow fraudulently induced to purchase the Product from Lowe's, though he provides no *facts* regarding what Lowe's did that gives rise to fraud.  In fact, Plaintiff identifies no duty that Lowe's, as a mere retailer, has or undertook to supply next-generation replacement parts for this or any other product.  As set forth below, no matter the dubious nature of Plaintiff's allegations, he has failed to state a claim against Lowe's as a matter of law.

*First*, Plaintiff has failed to state a claim for breach of contract because he fails to allege that he provided Lowe's with the requisite pre-suit notice under the

1

Michigan Uniform Commercial Code (M.C.L. § 440.2607(3)(a)). Plaintiff further fails to plead the breach of any material contract term in any event.

*Second*, Plaintiff's claim for fraudulent inducement fails. Plaintiff has not pleaded such claim with the requisite particularity. Nor does Plaintiff establish any facts that Lowe's allegedly failed to disclose.

*Third*, Plaintiff has failed to state a claim for unfair and deceptive trade practices because he has not and cannot allege any Lowe's practice that is one of the enumerated practices prohibited under the Michigan Consumer Protection Act.

*Finally*, Plaintiff's claim for unjust enrichment also fails because he does not plead facts showing that Lowe's retention of the Product's purchase price is inequitable, as Lowe's has no obligation to provide replacement pads.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he purchased the Product, a DualTools PS7000 polisher/sander, from a Lowe's store in Shelby, Michigan in 2014. Complaint ¶ 12. The Product uses polishing/sanding pads. *Id*. ¶ 13. Further, Plaintiff alleges that these pads are manufactured only by Infusion Brands, Inc., the manufacturer of the Product. *Id*. ¶ 15. Plaintiff alleges that these pads wear down over the course of the Product's use, and the Product can no longer be used once the pads have worn down unless the user purchases additional pads. *Id*.

In 2015, after using the Product without complaint for a year, Plaintiff allegedly needed to replace his pads.  Plaintiff alleges that he contacted the manufacturer but no additional pads were available "at that time" and he was instructed to call back in a few months.  *Id*. ¶ 17.  Plaintiff further alleges that the manufacturer "still has not manufactured any replacement pads to be made available for consumer's [sic] to purchase," though he does not indicate whether replacement parts are available elsewhere.  *Id.* ¶ 18.  He concludes that the Product is inoperable because "it is impossible to obtain replacement pads." *Id*. ¶ 54.

Plaintiff now seeks to represent a nationwide class of everyone who ever purchased the Product, no matter if they even have needed a replacement pad, much less were unable to obtain one.  *Id.* ¶ 24.  As set forth below, his claims against Lowe's fail as a matter of law.

## III.  <u>PLAINTIFF'S PLEADING BURDEN</u>

A plaintiff must allege facts that demonstrate a "plausible" basis for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As the United States Supreme Court has made plain, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Under the *Twombly*/*Iqbal* plausibility standard, a plaintiff cannot simply assert "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."  *Twombly*, 550

U.S. at 555; *Iqbal*, 556 U.S. at 678.  Asserting a conclusion "based upon information and belief" alone, without alleging facts from which that belief was formed, is insufficient to demonstrate a plausible basis for relief.  *In re Darvocet, Darvon, & Propoxyphene Products Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014).

Plaintiff carries an even heavier pleading burden here.  Two of his claims sound in fraud.  Complaint ¶¶ 57-64 (unfair and deceptive trade practices) & ¶¶ 65-71 (fraudulent inducement).  Accordingly, Plaintiff also must meet Rule 9(b)'s heightened pleading standards.  *Indiana State Dist. Council of Laborers & Hod Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009) (all claims that "sound in fraud" must satisfy the pleading strictures of Rule 9(b)).  To do so, Plaintiff must plead, with particularity: (1) the statements that he contends were fraudulent; (2) the speaker; (3) where and when the statements were made; and (4) why the statements were fraudulent.  *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).  As set forth below, Plaintiff fails entirely to carry his pleading burden, and dismissal is proper.

## IV.  EACH OF PLAINTIFF'S CLAIMS FAILS AS A MATTER OF LAW[1]

### A.  Plaintiff's Claim for Breach of Contract Fails

The Michigan Uniform Commercial Code ("UCC") governs Plaintiff's breach of contract claim because it involves the transaction of a good, the Product.  *See* M.C.L. § 440.2102 (Article 2 of the Michigan UCC "applies to transactions in goods"); M.C.L. § 440.2105 (goods, for purposes of the Michigan UCC, are "[a]ll things (including specially manufactured goods) which are movable at the time of identification to the contract for sale").  The UCC provides that a buyer "must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."  *SSI Tech., Inc. v. Compaero Inc.*, 2014 WL 1977138, at *4 (E.D. Mich. May 15, 2014) (quoting M.C.L. § 440.2607(3)(a)).  The purpose of the Michigan UCC's notice requirement is (1) to prevent surprise and allow the seller the opportunity to make recommendations how to cure any nonconformance; (2) to allow the seller the fair opportunity to investigate and prepare for litigation; (3) to open the way for settlement of claims through negotiation; and (4) to protect the seller from stale claims and provide certainty in contractual arrangements.  *Id.*

---

[1] Plaintiff's claims arising under laws of states other than Michigan fail as a matter of law.  It is axiomatic that named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or have not suffered injury.  *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 658 (E.D. Mich. 2011).

Here, Plaintiff alleges that he and the proposed class members "entered into a contract with [Lowe's] in which they agreed to pay [Lowe's] money in consideration for the [Product]."   Complaint ¶ 46.   Further, he alleges that Lowe's materially breached the contract because its "tender of performance did not conform as a result of the vehicle's [sic] mechanical defects, lack of merchantability, or fitness for intended purpose." *Id.* ¶ 44.

Plaintiff fails to plead the requisite notice.  His allegations reveal that Plaintiff only once inquired to the manufacturer about purchasing additional pads, and the manufacturer asked him to follow up later regarding their availability.   Complaint ¶ 17.  Based on his allegations, Lowe's had no notice that Plaintiff was unsatisfied with the Product, was given no opportunity to resolve Plaintiff's alleged concerns, and has not been provided a fair opportunity to resolve Plaintiff's concerns prior to the initiation of litigation.  Plaintiff's breach of contract claim should, therefore, be dismissed with prejudice.  *See Gorman v. Am. Honda Motor Co., Inc.*, 302 Mich. App. 113, 127 (2013) ("Here, plaintiff provided defendants no notice at all that she believed defendants were in breach.  Accordingly, plaintiff is 'barred from any recovery.'") (citing MCL 440.2607(3)(a)); *Am. Bumper & Mfg. Co. v. Transtechnology Corp.*, 252 Mich. App. 340, 347 (2002) (holding that insufficient notice of breach barred buyer from any remedy against seller where buyer "did nothing more tha[n] initially notify defendants that there was a problem . . . and

6

never notified defendants that they were in breach."); *Bev Smith, Inc. v. Atwell*, 301 Mich. App. 670, 687 (2013) (affirming dismissal of breach of contract claim for failure to provide reasonable notice).

Furthermore, Plaintiff's breach of contract claim fails for the additional, independent reason that he has failed to adequately plead breach of any material term of the contract.  To properly plead a claim for breach of contract, Plaintiff must allege: (1) the terms of the contract; (2) breach; and (3) damages.  *Elite Int'l Enter., Inc. v. Patton Wallcoverings, Inc.*, 2014 WL 1652197, at *3 (E.D. Mich. Apr. 24, 2014).[2]  Plaintiff alleges that he and the putative class members "entered into a contract with [Lowe's] in which they agreed to pay [Lowe's] money in consideration for the [Product]."  Complaint ¶ 46.  As Plaintiff expressly alleges that Lowe's did provide Plaintiff the Product, Plaintiff has failed to plead any breach of any contractual term.  His breach of contract claim must thus be dismissed on this additional basis.

---

[2] Plaintiff also alleges breach of the implied covenant of good faith and fair dealing. Complaint ¶¶ 43-51.  But the implied covenant of good faith and fair dealing is an implied promise contained in every contract "that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Hammond v. United of Oakland, Inc.*, 193 Mich. App. 146, 152 (1992).  Because Lowe's has fully performed the contract, according to Plaintiff's own allegations, by providing Plaintiff the Product which worked as Plaintiff had expected, Plaintiff's claim fails.  *See also Gorman v. Am. Honda Motor Co., Inc.*, 302 Mich. App. 113, 132-33 (2013) (breach of the implied covenant of good faith and fair dealing does not exist in Michigan as an independent cause of action).

### B.  **Plaintiff's Fraudulent Inducement Claim Fails**

To establish fraud in the inducement, a plaintiff must show that (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew that the misrepresentation was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant intended that plaintiff would act upon the misrepresentation; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. *Custom Data Sols., Inc. v. Preferred Capital, Inc.*, 274 Mich. App. 239, 243 (2006).  Fraudulent inducement "occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Samuel D. Begola Servs., Inc. v. Wild Bros.*, 210 Mich. App. 636, 639 (1995).

Furthermore, Plaintiff must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. Proc. 9(b); *Olson v. Merrill Lynch Credit Corp.*, 2013 WL 3328513, at *2 (E.D. Mich. July 2, 2013).  He must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id*.  At a minimum, he "must allege the time, place and contents of the misrepresentations upon which [Plaintiff] relied." *Id*.  The representation needed to establish fraud may be a failure to divulge a fact that a defendant has a duty to disclose. *McMullen v. Joldersma*, 174 Mich. App. 207, 213

(1988). However, silence cannot constitute fraud unless it occurred where the defendant had a legal duty of disclosure. *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 29 (1998).

Here, Plaintiff has failed to properly plead fraud. He has failed to identify any affirmative representations made by Lowe's. Although he conclusorily asserts that Lowe's "made a promise that [it] had no intention of performing, and this false misrepresentation pertained to a material fact of the contract," Plaintiff does not identify either what the misrepresentation was or what material fact of the alleged contract is even at issue. Complaint ¶ 70. Moreover, he has failed to allege a duty to disclose that "there was not a large enough supply of the replacement pads necessary to meet the reasonably expectable public demand" and the Product "could only be used with the specially manufactured and unique replacement pads." Compl. ¶¶ 66—67. Plaintiff has not alleged any circumstances in which any duty to disclose any information arose for the retailer Lowe's, so his claim must be dismissed. *See Woodland Harvesting, Inc. v. Georgia Pac. Corp.*, 693 F. Supp. 2d 732, 744 (E.D. Mich. 2010) (specific allegations of silent fraud were insufficient "because they fail to describe the inquiry which gave rise to a duty to disclose").

### C.     Plaintiff's Unfair and Deceptive Acts and Practices Claim Fails

To state a claim under the Michigan Consumer Protection Act, M.C.L. § 445.903 ("MCPA"), a plaintiff must: (1) establish that a defendant is engaged in

9

commerce; (2) establish that a defendant's conduct is prohibited by the MCPA; and (3) show that the plaintiff is a "person who suffered loss" as defined under the MCPA. *Montgomery v. Kraft Foods Glob., Inc.*, 2012 WL 6084167, at *4 (W.D. Mich. Dec. 6, 2012). Although the MCPA prohibits unfair practices, "the proscribed practices are limited to those itemized in the statute." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 189 (D. Me. 2004) (granting motion to dismiss MCPA claim in which plaintiffs did not specify which practice listed in M.C.L. § 445.903(1) constituted defendants' actions).

Plaintiff has not properly alleged a violation of the MCPA. He alleges that Lowe's violated the MCPA by "[a]dvertising products for sale from companies without determining whether there is a large enough supply of the replacement pads necessary to meet the reasonably expectable public demand." Complaint ¶ 60. But this is not one of the prohibited types of conduct specifically enumerated in the MCPA. Instead, M.C.L. § 445.903(1)(h) prohibits "[a]dvertising goods or services *with intent not to* supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity in immediate conjunction with the advertised goods or services" (emphasis added). Plaintiff has not alleged that Lowe's intended not to supply any product as it had advertised. Instead, his allegations establish that Lowe's provided him the Product and it worked exactly as

advertised and as Plaintiff contemplated, as evidenced by his efforts to obtain additional polishing/sanding pads so that he could keep using the Product.

Nor has Plaintiff identified any advertising that would subject Lowe's to liability under the MCPA. A retailer is not liable for statements that appear on the packaging of a product simply by selling it in a store or on a website. *Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 923 (N.D. Ill. 2013). To avoid imposing unwarranted and inappropriate liability on retailers, courts require factual allegations that show the retailer had a role in the development of the specific advertising claim. To attribute a statement to a retailer, a plaintiff must allege facts — not mere conclusions — sufficient to show that the retailer "control[led]" or "participat[ed]" in the manufacturer's advertising practices. *See In re Jamster Mktg. Litig.*, No. 05CV0819 JM(CAB), 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009). In this case, Plaintiff fails to allege any facts that show that Lowe's controlled or participated in the manufacturer's advertising practices.

Moreover, Plaintiff alleges that Lowe's policies and practices are "fraudulent." Complaint ¶¶ 60, 63-64. For MCPA allegations of fraudulent conduct, a plaintiff must meet Rule 9(b)'s heightened pleading requirements. *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 666 (E.D. Mich. 2011). Because Plaintiff fails to state any facts whatsoever describing Lowe's alleged advertisements,

including who made any statements, to whom they were made, when they were made, and what their content was, his MCPA claim fails for lack of particularity.

Plaintiff alleges that Lowe's "other business practices, as described herein, which are otherwise unlawful, unfair or deceptive" violate the MCPA. This also fails to allege a claim under the MCPA for two independent reasons. First, no enumerated category in M.C.L. § 445.903(1) is identified, so these extremely vague alleged actions are not properly pled as a violation of the MCPA. Second, he fails to plead with the required particularity, and does not even specify any alleged practices that constitute violations. Plaintiff does not specify which individuals committed which alleged actions, when and against which putative class members, and how such actions are unfair and deceptive. Thus, his MCPA claims fails as a matter of law. *See id.* (dismissing MCPA claim for failure to allege an intent to deceive and for failure to plead fraud with the requisite particularity).

### D.   Plaintiff's Unjust Enrichment Claim Fails

Finally, Plaintiff's claim for unjust enrichment fails. To plead a claim of unjust enrichment, a plaintiff must establish that: (1) the defendant received and retained a benefit from the plaintiff, (2) resulting in an inequity. *Gullett v. MidFirst Bank*, 2013 WL 1694399, at *5 (E.D. Mich. Apr. 18, 2013). However, "[t]he mere fact that a person benefits another is not of itself sufficient to require the other to

make restitution therefor." *In re Estate of McCallum*, 153 Mich. App. 328, 335 (1986).

Here, Plaintiff has failed to allege how Lowe's retaining the amount he allegedly paid for the Product is inequitable.  According to his Complaint, Plaintiff "entered into a contract with [Lowe's] in which [he] agreed to pay [Lowe's] money in consideration for the [Product]."  Complaint ¶ 46.  Lowe's provided the Product to Plaintiff and Plaintiff acknowledges that the Product worked.  Complaint ¶¶ 16-17.  Thus, his unjust enrichment claim should be dismissed.  *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 939 (6th Cir. 1989) (no unjust enrichment when both parties receive the benefit of the bargain); *see also Smith v. Fannie Mae*, 2012 WL 3758087, at *5 (E.D. Mich. Aug. 30, 2012) (dismissing unjust enrichment claim for failure to meet Rule 9(b) pleading requirements when claim was based on an allegation of fraud).

Nor has Plaintiff alleged any, and there exists no, obligation under Michigan law requiring a retailer to provide replacements for wearable parts absent any contractual obligation for the retailer to do so.  *See Pack v. Damon Corp.*, 434 F.3d 810, 816 (6th Cir. 2006) (defendant's obligation to repair or replace defective parts arose out of express agreement between the parties that repair or replacement services would be provided).  Because Lowe's has no duty to provide replacement pads for the Product, which Plaintiff himself alleges worked properly, retention of

the purchase price is not inequitable and, therefore, Plaintiff's claim for unjust enrichment fails. *See Gibbs v. Bank of Am., N.A.*, No. 15-CV-10688, 2015 WL 4645009, at *3 (E.D. Mich. Aug. 5, 2015) (plaintiffs failed to state a claim for unjust enrichment when one party refused to sell property to another absent any obligation or promise to do so).

## V.   <u>CONCLUSION</u>

For each of these reasons, the Court should dismiss Plaintiff's Complaint in its entirety.  Because each of the stated defects is irremediable, the dismissal should be with prejudice.

Dated:  June 15, 2016          HOWARD & HOWARD ATTORNEYS PLLC

By:*/s/ Patrick M. McCarthy*
Patrick M. McCarthy, Esq. (P49100)
PMcCarthy@HowardandHoward.com
HOWARD & HOWARD ATTORNEYS PLLC
2950 South State Street, Suite 360
Ann Arbor, Michigan 48104
Telephone: (734) 222-1483
Facsimile: (734) 761-5957

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC
(formerly LOWE'S HOME CENTERS, INC.)

14

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have on this 15th day of June 2016 caused the foregoing DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT to be filed using the Court's CM/ECF system, and thereby electronically served it upon all registered ECF users in this case.

By:<u>/s/ Jonathan F. Karmo</u>
Jonathan F. Karmo

4816-6128-1074, v. 1

1