UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel C Flint,

                Plaintiff,        Case No. 16-cv-11093

v.                                Judith E. Levy
                                United States District Judge

Infusion Brands, Inc.,
                                Mag. Judge Anthony P. Patti

                Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO INFUSION BRANDS, INC. [9] WITHOUT <u>PREJUDICE</u>**

Plaintiff Daniel C. Flint filed a purported class action on March 25, 2016, against Infusion Brands, Inc. (incorrectly entered by plaintiff as Infustion Brands, Inc., in the caption), Lowe's Home Centers, Inc., Menards, LLC, and Amazon, Inc. (Dkt. 1.) Defendant Infusion Brands is the only remaining defendant.

On June 13, 2016, plaintiff filed a motion for default judgment as to defendant Infusion Brands. (Dkt. 9.) No appearance has been filed on behalf of defendant, and according to plaintiff, service on defendant has been obtained, the time for filing a responsive pleading has lapsed,

and defendant is not an infant or incompetent person nor in the military service of the United States. (Dkt. 9 at 1-2.)

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, when plaintiff's claim is not for a sum certain or sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Sixth Circuit outlines the process as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to []Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

*United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

2

Plaintiff did not obtain an entry of default from the Clerk of Court. His motion for default judgment is thus premature. Accordingly,

Plaintiff's motion for default judgment (Dkt. 9) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: December 7, 2016　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2016.

　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　Case Manager